IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORIN TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-276-GMS |
| | ) |
| WARDEN DAVID PIERCE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.  BACKGROUND**

The plaintiff, Orin Turner ("Turner"), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. On January 6, 2016, the court granted the defendants' motion to dismiss or, in the alternative, for summary judgment. (D.I. 34, 35, 36.) Turner appealed. (D.I. 37.) On June 30, 2016, the United States Court of Appeals for the Third Circuit affirmed the judgment of the district court. *See Turner v. Coupe*, 655 F. App'x 47 (3d Cir. 2016) (unpublished). On April 24, 2017, Turner filed a motion for reconsideration based upon new evidence. (D.I. 40.)

**II.  MOTION FOR RECONSIDERATION**

The standard for obtaining relief under Rule 59(e) is difficult for Turner to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,

1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Turner claims that his transfer from the Delaware Department of Correction (on an unstated date) to the Pennsylvania Department of Correction is "new evidence of retaliation." He states that before his transfer he had no misconduct/writeups, had a prison job, and was afforded contact visits, telephone calls, religious services, and frequent showers, but at the Pennsylvania Department of Correction he is not housed under the same conditions. Turner provides his statement and nothing else to support his claim that the transfer to the Pennsylvania Department of Correction was retaliatory.

The court finds that Turner has failed to demonstrate any grounds to warrant reconsideration of his case. Therefore, the court will deny the motion. (D.I. 40.)

## IV. CONCLUSION

For the above reasons, the court will deny the motion for reconsideration. (D.I. 40.)

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

June 9, 2017
Wilmington, Delaware

2